IN THE MATTER OF: BRIDGET D. McNEIL, PETITIONER v. EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA, RESPONDENTS

No. 8712SC841

(Filed 1 March 1988)

**Master and Servant § 108.2— unemployment benefits—full-time student—otherwise eligible—findings inadequate**

Where a full-time student who was laid off from a full-time job and who requested employment after 2:00 p.m. so that she could complete her last semester of college was denied benefits and appealed, the appeal was remanded for findings of fact to determine whether the provisions of N.C.G.S. § 96-13(a)(3) dealing with full-time students apply and whether petitioner was "otherwise eligible" for benefits.

APPEAL by petitioner from *Read (J. Milton, Jr.), Judge.* Judgment entered 19 May 1987 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 3 February 1988.

The trial court affirmed an order of the Employment Security Commission denying petitioner unemployment benefits from 24 August 1986 to 6 September 1986. Petitioner appeals.

*Lumbee River Legal Services, Inc., by T. Diane Phillips, for petitioner-appellant.*

*T. S. Whitaker and Thelma M. Hill for respondent-appellee.*

SMITH, Judge.

The testimony before the referee showed that petitioner was a full-time student at Methodist College and worked as a psychiatric technician on the 3:00 p.m. to 11:30 p.m. shift at Health Services of America Cumberland Hospital. She was laid off from her job due to a staff reduction and filed a claim for unemployment benefits for the weeks from 24 August 1986 to 6 September 1986. Petitioner sought employment through the Employment Security Commission (the Commission), requesting employment after 2:00 p.m. so she could complete her last semester of college during the day. An adjudicator found that petitioner had a shift restriction which rendered her ineligible for benefits for the entire period from 24 August to 6 September. He also found petitioner ineligible for benefits from 24 August to 30 August because she did not conduct an active search for work as required by law. On appeal,

the referee found petitioner's shift restriction rendered her not genuinely attached to the work force and ineligible for benefits. Petitioner appealed to the Employment Security Commission raising two issues: "i) Whether or not the findings of fact are supported by the record; and ii) Whether or not the findings of fact sustained the conclusion of law." The Commission entered an order vacating the referee's order and remanding for further proceedings to determine whether petitioner was available for work. On remand, the referee heard evidence on the types of jobs available during the hours petitioner sought work, determined she was not available for work and denied unemployment benefits. On appeal, the Commission affirmed the referee's opinion, and petitioner sought judicial review before the Superior Court. On 19 May 1987, the trial court entered a judgment affirming the Commission's decision. Petitioner appeals.

Petitioner makes four assignments of error relating to the determination that she was not "available for work" within the meaning of G.S. 96-13(a)(3). By her first assignment of error, she contends the trial court erred by affirming the Commission's finding that she was not "available for work" as a matter of law because she was concurrently a full-time student and a full-time employee when she was laid off by the hospital. By her other assignments of error, she assigns error to the findings that she had a shift restriction, that she was not genuinely attached to the work force, and that she had a type of job and wage restriction which rendered her unavailable for work. We vacate the trial court's judgment and remand for proper findings of fact and conclusions of law as to petitioner's eligibility for unemployment benefits.

To be eligible for unemployment benefits, an individual must be both "able to work" and "available for work." G.S. 96-13(a)(3). The statute provides that "[a]ny person who was engaged in full-time employment concurrent with his school attendance, who is otherwise eligible, shall not be denied benefits because of school enrollment and attendance." *Id.* The evidence before the Commission showed that petitioner was both a full-time student and a full-time employee when she was laid off from work. Thus, she cannot be denied unemployment benefits if she is "otherwise eligible" to receive those benefits. In determining whether she is otherwise eligible for benefits, the statute requires that she "not

be denied benefits because of school enrollment and attendance." *Id.*

In denying benefits to petitioner, the Commission apparently concluded that she was not otherwise eligible for benefits because she was not available for work within the meaning of the statute. "The phrase 'available for work' is not susceptible of precise definition, and whether a person is available for work differs according to the facts of each individual case." *In re Beatty*, 286 N.C. 226, 229, 210 S.E. 2d 193, 195 (1974). The phrase "available for work" means available for suitable work as the phrase "suitable work" is used in G.S. 96-14. *In re Miller*, 243 N.C. 509, 91 S.E. 2d 241 (1956). In *Miller*, petitioner refused to accept a job which would require her to work on her Sabbath. The Commission found she was ineligible for benefits because she had so limited her availability for work that she was not "available for work" within the meaning of G.S. 96-13. In rejecting the Commission's findings, the Supreme Court noted that under the Commission's view, "the *rationale* of the statute would seem to be that in order to be eligible for benefits a claimant must be 'available for work' at any and all times, night and day, Sunday and week days alike." *Miller*, 243 N.C. at 513, 91 S.E. 2d at 244 (emphasis in original). In this case, the Commission found petitioner was not "available for work" because she was only available for second shift jobs. However, petitioner was available for only second shift jobs because of her school attendance. The statute forbids denial of unemployment benefits solely because of school enrollment and attendance. As in *Miller*, petitioner is not required to be available for work at all times.

We note that there were no findings of fact addressing whether petitioner was a full-time student or a full-time employee when she was laid off from work. We remand the case to the trial court for further remand for proper findings of fact and conclusions of law to determine whether the provisions of G.S. 96-13(a) (3) dealing with full-time students apply in this case and whether petitioner is "otherwise eligible" for benefits within the meaning of the unemployment compensation statutes.

Vacated and remanded.

Chief Judge HEDRICK and Judge BECTON concur.