IN THE MATTER OF: MARY LEE WHITE, POST OFFICE BOX 34, EAST SPENCER, NORTH CAROLINA 28093, PETITIONER-APPELLANT v. EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA, POST OFFICE BOX 25903, RALEIGH, NORTH CAROLINA 27611, DOCKET NO. X-UI 68696, RESPONDENT-APPELLEE

No. 8819SC863

(Filed 16 May 1989)

**Master and Servant § 108— unemployment compensation—plaintiff not seeking work—compensation properly denied**

  Undisputed evidence that claimant did not seek work on at least two different days each week supported the ESC's conclusion that claimant was not "actively seeking work" pursuant to Commission Regulation 10.25(A), even though claimant generally made two job contacts each week, but both on the same day; accordingly, claimant could not be deemed "available for work" under N.C.G.S. § 96-13(a)(3) and was therefore ineligible to receive unemployment compensation benefits.

  Judge GREENE concurring in the result.

  APPEAL by claimant from *Collier, Judge.* Judgment entered 27 April 1988 in Superior Court, ROWAN County. Heard in the Court of Appeals 24 February 1989.

  Claimant Mary Lee White appeals the trial court's decision affirming the Employment Security Commission's (ESC) order holding that she was not eligible to receive unemployment compensation benefits from the week ending 27 June 1987 through the week ending 24 October 1987. The Commission had affirmed and adopted as its own the findings of fact and conclusions of law made by the appeals referee. The appeals referee determined that claimant was not eligible for unemployment compensation benefits because she was not "actively seeking work" and, therefore, she was not "available for work" pursuant to G.S. 96-13(a)(3).

  *Central Carolina Legal Services, Inc., by Marsha C. Hughes Grayson and Bruce L. Perkins, for claimant-appellant.*

  *T. S. Whitaker, Chief Counsel, and James A. Haney, Staff Attorney, for the Employment Security Commission of North Carolina, respondent-appellee.*

**IN RE WHITE v. EMPLOYMENT SECURITY COMM.**

[93 N.C. App. 762 (1989)]

EAGLES, Judge.

The claimant presents only one assignment of error on appeal, whether the trial court erred in affirming ESC's decision because the findings of fact and conclusions of law were not supported by the record. We affirm.

We first note that in her brief claimant argues that Commission Regulation 10.25(A) is irrational, arbitrary, and capricious, on its face and as applied. In essence, claimant's argument asserts that the regulation is unconstitutional. This claim was not raised below and, accordingly, we may not address it here. *Powe v. Odell*, 312 N.C. 410, 322 S.E. 2d 762 (1984).

Claimant next argues that the trial court erred in affirming ESC's decision that she was not eligible to receive unemployment compensation benefits. Claimant contends that the record supports the conclusion that she was, in fact, "actively seeking work" and was, therefore, "available for work." We emphasize that the issue here concerns only the eligibility conditions established by G.S. 96-13. In pertinent part G.S. 96-13 provides:

(a) An unemployed individual shall be eligible to receive benefits with respect to any week only if the Commission finds that —

\* \* \*

(3) He is able to work, and is available for work: Provided that, unless temporarily excused by Commission regulations, *no individual shall be deemed available for work unless he establishes to the satisfaction of the Commission that he is actively seeking work.* [Emphasis added.]

Pursuant to its rule-making authority granted by G.S. 96-4(a) the Commission established Commission Regulation 10.25(A) defining the phrase "actively seeking work."

*Actively seeking work* is defined as doing those things which an unemployed person who wants to work would normally do. A prima facie showing of "actively seeking work" has been established when: During the week for which a claim for regular unemployment insurance benefits has been filed, the claimant sought work on at least two (2) different days and made a total of at least two (2) in person job contacts. [Emphasis in original.]

Claimant here failed to except to any findings of fact and, accordingly, "our review is limited to whether ESC and the court below correctly interpreted the law and correctly applied the law to the facts found." *Couch v. N.C. Employment Security Comm.*, 89 N.C. App. 405, 407, 366 S.E. 2d 574, 575, *aff'd*, 323 N.C. 472, 373 S.E. 2d 440 (1988). The undisputed facts demonstrate that from 27 June 1987 through 24 October 1987 claimant never looked for work on more than one day each week. She generally made two job contacts each week, but admitted that the two contacts each week were made on the same day. The referee found that when claimant initiated her claim for benefits she saw a video explaining the requirement to look for work two days each week. She was also given a booklet which further described this requirement which she admitted she had not read.

The referee concluded that because claimant did not seek work on at least two different days in accordance with Commission Regulation 10.25(A) she "was not actively seeking work [and], therefore, claimant was not available for work within the meaning of the law during the week(s) in question." We agree.

In *In the Matter of: McNeil v. Employment Security Comm.*, 89 N.C. App. 142, 365 S.E. 2d 306 (1988), our court recently stated that the phrase "available for work" was not easily defined, but that each individual's availability for work would vary depending upon the facts and circumstances of each case. In addition, our Supreme Court has stated that in determining availability for work "[a] large measure of administrative discretion must be granted to the [ESC] in the application of these terms in the statute to specific cases." *In re Watson*, 273 N.C. 629, 634, 161 S.E. 2d 1, 6 (1968).

The facts here support the Commission's conclusion that claimant was not "actively seeking work" pursuant to Commission Regulation 10.25(A). Accordingly, claimant may not be deemed "available for work" under G.S. 96-13(a)(3).

Affirmed.

Judge COZORT concurs.

Judge GREENE concurs in the result.

**INTERSTATE HIGHWAY EXPRESS v. S & S ENTERPRISES, INC.**

[93 N.C. App. 765 (1989)]

Judge GREENE concurring in the result.

I write separately to reject any suggestion by the majority that the only way for a claimant to prove she is "actively seeking work" is to show she has "sought work on at least two different days" during the week for which unemployment compensation is sought. I believe Commission Regulation No. 10.25(A) merely provides one method of establishing compliance with N.C.G.S. Sec. 96-13(a)(3). Nonetheless, as the Commission is vested with "a large measure of administrative discretion" in applying the terms of the statute to specific cases, I agree that the facts in this case can support the conclusion of the Commission that the claimant was not "actively seeking work." *See In re Watson*, 273 N.C. 629, 634, 161 S.E. 2d 1, 6 (1968).